ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| BOBBY JOHN SISCOE<br><br>APELADA<br><br>v.<br><br>EMILY DÍAZ BERRÍOS<br><br>APELANTE | TA2026AP00466 | *Recurso* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2026RF00008<br><br>Sobre: Exequátur |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 7 de mayo de 2026.

Comparece ante nos la señora Emily Díaz Berríos (en adelante, apelante o señora Díaz), mediante una *Moción en "Auxilio de Jurisdicción" solicitando paralización (provisionalmente) de orden de traslado de menor fuera de la jurisdicción de Puerto Rico, hasta que se configure recurso de apelación y se atienda en sus méritos*, radicada hoy, 7 de mayo de 2026, y nos solicita que ordenemos la paralización de la *Sentencia* emitida el 5 de mayo de 2026, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario). Mediante el referido dictamen, el foro primario declaró Ha Lugar la solicitud de convalidación de una determinación judicial emitida en el Estado de Texas, Estados Unidos.

Por los fundamentos que exponemos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción.

## I.

El 8 de enero de 2026, el señor Bobby John Siscoe (en adelante, apelado o señor Siscoe) presentó una *Petición de Convalidación de Sentencia-*

*Exequátur Civil & Habeas Corpus*[1] solicitando que se convalidara la determinación judicial titulada *"Final Order In Suit To Modify Parent Child Relationship"*, emitida el 18 de abril de 2023 por el *District Court County Court of Law Judicial District of Jim Wells County* del Estado de Texas, Estados Unidos de América. En dicha determinación, se le concedió la custodia y patria potestad al apelado sobre su hija, TASD, y se ordenó la devolución de dicha menor al estado de Texas.

Luego de haber sido emplazada, el 24 de febrero de 2026, la señora Díaz presentó su *Contestación a la "Petición (…)"*[2] y, luego de varios incidentes procesales, se señaló vista de convalidación para el 5 de mayo de 2026.[3]

Tras la celebración de la vista en sus méritos y con el dictamen favorable del Ministerio Publico para la convalidación[4], el TPI emitió su *Sentencia*[5] el 5 de mayo de 2026, notificada al día siguiente, mediante la cual declaró Ha Lugar la solicitud de convalidación de la determinación judicial solicitada. Como resultado, ordenó a la señora Díaz a entregar a la menor, TASD, a su padre, el señor Siscoe, a más tardar el viernes, 8 de mayo de 2026, a las 9:00 am, so pena de arresto por desacato y ordenó el traslado de la menor con su padre al estado de Texas.

A raíz de dicha determinación, el 7 de mayo de 2026, la señora Díaz presentó ante nos una *Moción en "Auxilio de Jurisdicción" solicitando paralización (provisionalmente) de orden de traslado de menor fuera de la jurisdicción de Puerto Rico, hasta que se configure recurso de apelación y se atienda en sus méritos*. En esta, nos solicita que paralicemos la orden emitida por el foro primario, cuando menos hasta el 12 de mayo de 2026, fecha en la que estos ya habrían podido presentar su escrito de apelación.

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.
[2] Entrada Núm. 20 del SUMAC del TPI.
[3] Entrada Núm. 40 del SUMAC del TPI.
[4] El Ministerio Público estuvo representado por la Procuradora de la Familia, la Lcda. Maricarmen Calero Font.
[5] Entrada Núm. 43 del SUMAC del TPI.

**II.**

**A. Falta de Jurisdicción por Incumplimiento con el Reglamento del Tribunal de Apelaciones**

Como es sabido, la jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018). Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016). Asimismo, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

Nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada. *R&B Power, Inc. v. Junta de Subastas ASG, supra.* De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018). Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. *R&B Power, Inc. v. Junta de Subastas ASG, supra.*

Por otro lado, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *García Morales v. Mercado Rosario,* 190 DPR 632, 639 (2014); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011).

Conforme con lo anterior, los tribunales tenemos el deber ministerial de examinar y evaluar rigurosamente nuestra jurisdicción y, a esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), R. 83 (C), confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción y cuando la parte no ha actuado con diligencia en el trámite del recurso.

### B. Auxilio de Jurisdicción

Una moción para solicitar a un tribunal un remedio en auxilio de su jurisdicción es, en esencia, un llamado a la utilización del poder inherente que tiene todo tribunal para constituir los remedios necesarios que hagan efectiva su jurisdicción y que eviten fracasos en la administración de la justicia. *García López y otros v. ELA*, 185 DPR 371, 377 (2012) (citas omitidas). Se trata de un remedio en equidad que recae en la sana discreción de los tribunales y que "goza de características afines a otros de similar naturaleza, como lo son el entredicho provisional y el *injunction* preliminar". *Id.*

En nuestro ordenamiento se ha reconocido la facultad de los tribunales apelativos para emitir este tipo de órdenes en equidad. *Id.* Así, por ejemplo, la Regla 79(A) del Reglamento del Tribunal de Apelaciones, *supra*, establece:

> (A) Para hacer efectiva su jurisdicción en cualquier asunto pendiente ante sí, el Tribunal de Apelaciones podrá expedir cualquier orden provisional, la cual será obligatoria para las partes en la acción, sus oficiales, agentes, empleados, empleadas, abogados y abogadas, y para aquellas personas que actúen de acuerdo o participen activamente con ellas y que reciban aviso de la orden mediante cualquier forma de notificación. Dichas órdenes se regirán por las disposiciones pertinentes del Código de Enjuiciamiento Civil, las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal y, en lo que no fuere incompatible con aquellas, se regirán también por estas reglas.

Ahora bien, el comentarista de derecho procesal apelativo, Hiram A. Sánchez Martínez, ha expresado que:

La emisión de una orden en auxilio de jurisdicción presupone que existe un recurso presentado o pendiente de consideración ante el Tribunal de Circuito de Apelaciones bien sea en jurisdicción apelativa, [...] o bien cuando tenga ante sí un recurso en jurisdicción original. [...]

Esto significa que la moción en auxilio de jurisdicción puede presentarse simultáneamente con la presentación del recurso de que se trate o en cualquier momento posterior; **nunca antes de presentarse el recurso**. Hiram A. Sánchez Martínez, *Derecho Procesal Apelativo*, Lexis-Nexis of Puerto Rico, Inc., San Juan, 2001, sec. 4002, pág. 636 (Citas omitidas y énfasis nuestro).

### III.

En el presente caso, carecemos de jurisdicción para atender la solicitud presentada. Ello, pues ni antes ni simultáneamente con la presentación de la moción en auxilio de jurisdicción, la señora Díaz presentó recurso alguno ante este Tribunal. Por tanto, no existe controversia pendiente ante nuestra consideración que requiera la preservación de nuestra jurisdicción conforme a la Regla 79 del Reglamento del Tribunal de Apelaciones, *supra*.

Las solicitudes en auxilio de jurisdicción constituyen un remedio accesorio y subsidiario, cuya procedencia depende de la existencia de un recurso debidamente presentado ante este foro. Su finalidad es preservar la efectividad de nuestra jurisdicción y evitar que un recurso pendiente advenga académico. Sin embargo, ante la ausencia de un recurso presentado ante este Foro, carecemos de autoridad para intervenir.

Asimismo, tampoco procede acoger el escrito como un recurso de *certiorari*, pues incumple con los requisitos reglamentarios aplicables y no contiene información suficiente que nos permita evaluar adecuadamente la controversia planteada.

En consecuencia, procede desestimar el recurso presentado por falta de jurisdicción.

### IV.

Por los fundamentos expresados anteriormente, ***desestimamos*** el recurso presentado ante nuestra consideración.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones